THEODORE FRIER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion Filed July 13, 1926.

1. To render dying declarations admissible in evidence, it must first be shown that such declaration was made at a time when the declarant had abandoned all hope of living and was in fear of dying. that is, that he was under the sense of impending death. It should also be shown that he was sufficiently rational at the time of making the statement to understand the import of his words.

2. What constitutes the necessary evidence to meet the required predicate or foundation for admission of dying declaration is a mixed question of law and fact to be determined by the trial judge, his judgment being subject to review by the appellate court. But in view of the fact that the trial judge heard and saw the witnesses his judgment is entitled to great weight, every .presumption being in favor of its correctness.

3. In considering whether or not the declarant was in such mental state at the time of making a dying declaration as to entitle such declaration to admission in evidence, resort may be had to all the circumstances of the case, and expressed utterances are not necessary.

4. Evidence examined and found sufficient to support the verdict.

A Writ of Error to Circuit Court for Lafayette County; Amos Lewis, Judge.

Judgment affirmed.

*Mack H. Padgett* and *W. P. Chavous,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant, for the State.

KOONCE, Circuit Judge.—The plaintiff in error, who will hereinafter be called the defendant, was convicted in the Circuit Court of Lafayette County upon a charge of manslaughter. Two assignments of error are presented: First, the denial of defendant's motion for a new trial, and, second, the admission in evidence of the dying declaration of the deceased.

The logical order of consideration of the assignments is to first determine whether or not the dying declaration was admissible in evidence. While numerous objections may be made to the admission of dying declaration, according to the circumstances of each case, in the trial of the case now under consideration but one objection was made to the admission of such evidence, namely, that the proper predicate or foundation had not been laid for such admission. This being the only question raised it is not necessary to consider any other phase of the law on this subject. So far as applicable to this case the law may be briefly stated in these words:

To render dying declarations admissible in evidence it must first be shown that such declaration was made at a time when the declarant had abandoned all hope of living and was in fear of dying, that is, under the sense of impending death. It should also be shown that the declarant was sufficiently rational at the time of making the statement to understand the import of his words. What constitutes the necessary evidence to meet the required predicate for admission of dying declarations is a mixed question

of law and fact to be determined by the trial judge, his judgment being subject to review by the appellate court. But in view of the fact that the trial judge saw and heard the witnesses his judgment is entitled to great weight, every presumption being in favor of its correctness. In considering whether or not the declarant was in such mental state at the time of making the declaration as to entitle it to be admitted in evidence, resort may be had to all the circumstances of the case, and expressed utterances are not necessary. This is the law as announced by this court in the case of Richardson v. State, 80 Fla. 634, 86 South, Rep. 619, and covers the only question raised by the second assignment of errors.

Applying the law as stated to the evidence. It appears that the physician who examined the body of the deceased testified that there were two mortal wounds on the body which would have caused the death of any man. The wife of deceased testified that he said "Darling, I am dying." The witness Carmichael testified that he heard the deceased say to his father: "Papa, I am dying, will you raise my baby?" The father testified that when he suggested to the deceased that they send for a physician he, the wounded man, said: "It would be no use, he would be dead before the doctor could get there." All three of these witnesses, and still another, testified that the deceased was "in his right mind." There is not the slightest evidence that the deceased entertained any hope of living, but on the contrary everything indicated that he had abandoned hope of recovery. The requirements for the foundation or predicate have been fully met.

The other question, presented by the first assignment of error, is the denial of the defendant's motion for new trial, by which motion the verdict of the jury was attacked as being against the weight of the evidence. This motion ad-

mits of the discussion of the claim of self defense made by the defendant, as well as the weight of the evidence.

In Wilson v. State, 30 Fla. 234, 11 South. Rep. 556, this court said: ''To excuse a homicide on the ground of self defense, there must not only have been the belief by the defendant, but reasonable grounds for believing, that the defendant was in imminent danger of death or great bodily harm.'' In this case the alleged necessity for the defendant to shoot the deceased is based upon the fact that he was at the driver's seat of a Ford touring car, with three others on the same seat with him, which prevented him leaving the car from the right side, and that to have left the car on the left would have brought him nearer and in immediate contact with the deceased who was approaching the car in a threatening manner with an open knife in his hand. This statement of fact made by the defendant is supported by the testimony of other occupants of the car. Now without considering the dying declaration of the deceased which stated a different situation or condition, and giving to the defendant's evidence the most favorable consideration, does it meet the requirements of the law to constitute self defense? The defendant was in his car, the deceased upon the ground some distance away, though not far, there was no explanation why the defendant could not have driven his car forward. True he said the deceased stopped his mule in the road ahead of him, but the exact location of the mule in the road was not stated, nor was there the slightest suggestion that the road was not wide enough to have easily driven around the mule, or that there were any trees, ditch, or other obstruction. Without considering the other circumstances as to the position of the parties, the number of shots fired, the location of the wounds upon the body, the jury might well have concluded that the necessity to fire the fatal shot was not present. The jury heard all

the evidence, including the dying declaration as narrated by the witnesses. It was the province of the jury to weigh and consider all the evidence, including the testimony of the witnesses as to the dying declaration and to determine what weight to give this particular testimony judging it by the same rules as to bias or prejudice, or interest, relationship, intelligence and opportunity to know the facts related, and ability to relate them. No doubt the jury was fully instructed upon this duty, at least no objection appears that they were not so instructed. Assuming that all proper charges were given, the jury having heard all the evidence, having weighed and considered the same, and the Circuit Judge, having also heard all the testimony, found it sufficient to support the verdict. The verdict is not so manifestly against the weight of the evidence to indicate that such verdict was arrived at from any other reason than the law and evidence, or that it was given from any other influence.

The judgment of the Circuit Court is affirmed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Circuit Court in this cause should be and the same is hereby affirmed.

BROWN, C. J., AND WHITFIELD, TERRELL AND STRUM, J. J., concur.

ELLIS, J., dissents.

BUFORD, J., disqualified.