**DELL SIMMONS v. STATE OF FLORIDA**

36 So. (2nd) 262            June Term, 1948
July 9, 1948            Division A

*A. L. Johnson,* for appellant.

*J. Tom Watson,* Attorney General, *Ernest W. Welch,* Assistant Attorney General, and *Lucille Snowden,* Special Assistant Attorney General, for appellee.

CHAPMAN, J.:

The appellant, Dell Simmons, was tried in the Circuit Court of Santa Rosa County, Florida, under an indictment charging the crime of murder in the first degree. The jury, after hearing the evidence, argument of counsel and the instructions of the trial court, returned a verdict of manslaughter. A motion for a new trial was made and denied, when the defendant below was sentenced to serve a period of seven years at hard labor in the State Prison. The defendant below appealed.

Three grounds are argued here for a reversal of the judgment, one of which is that reversible error was committed by the trial court in admitting into evidence, over seasonable objections of counsel, an alleged dying declaration identified as State's Exhibit No. 1. The other two grounds go to the legal sufficiency of the evidence to sustain the verdict and judgment, emphasis of counsel being placed on certain physical facts about the place of the homicide, which it contended should control rather than the testimony of certain witnesses adduced by the State.

The record discloses that the gun shot sustained by the deceased completely severed his spinal cord and death was inevitable, but the exact time, in the opinion of the attending physician, was to him uncertain. The deceased prior to his death signed a written statement prepared for his signature by the State Attorney, which during the progress of the trial

was offered in evidence by the State and objected to by counsel for the defendant on the ground that it had not been established that the defendant entertained no hope of recovery or that death was imminent at the time the deceased signed the statement. The pertinent part of the record is viz:

"THE COURT: I assume that those elements are contained in his statement. The Court has not seen it, and does not know what is in it.

"MR. HOLSBERRY: They are in there.

"MR. JOHNSON: We further object on the ground that it is couched in the language of the State Attorney, and appears to us on its face that it is the language of the State Attorney, as put to the deceased by him, and therefore does not appear to be a statement made at a time when the deceased knew and had every reason to believe that death was imminent.

"THE COURT: The dying declaration will be admitted."

The dying statement contained recitals by the deceased to the effect that he was in a dying condition and are viz:

"I, Calvin Simmons, desiring to give information relative to the shooting of myself by my wife, Ebbie Dell Simmons, and knowing and believing that I am on my death bed, and believing that I am dying from the effects of the bullet wound, do hereby make a statement under oath before J. Edwin Holsberry, State Attorney of the First Judicial Circuit of Florida, and after swearing to tell the truth and nothing but the trust, so help me God, I do swear as follows, to-wit: . . . "

We fail to find in the record any statement by the deceased at the time of signing the dying declaration, independently of the statement adduced, to the effect that the declarant knew death was imminent and inevitable and that he entertained no hope of recovery. Appellant's counsel contends that the ruling of the trial court admitting into evidence the statement fails to conform to our adjudications and is clearly erroneous.

It is established law that to render a dying declaration admissible it must be shown that the declarant entertained no hope of recovery and realized that death was imminent. The

declarant must have known and believed he was on the threshold of death. Johnson v. State, 113 Fla. 461, 152 So. 176. It must be shown that the declarant was sufficiently rational at the time of making the statement to understand the import of his words. Frier v. State, 92 Fla. 241, 109 So. 334. It is a mixed question of law and fact for the Judge to decide before permitting the introduction of a dying declaration. Morris v. State, 100 Fla. 850, 130 So. 582.

The trial court, at the time of the challenged ruling, had before it the testimony of Dr. John Turberville to the effect that the deceased could not recover, and death occurred shortly after signing the dying declaration. These facts, coupled with the quoted portion of the statement, supra, constituted a sufficient legal showing to admit the same for the jury's consideration. The preliminary showing made by the State for the introduction into evidence of the dying declaration was sufficient to meet the requirements of our adjudications and the ruling was free from error.

The evidence shows that the defendant shot her husband, Calvin Simmons, in their home in the early morning of November 4, 1947. Their son, Forrest Simmons, was arrested by the officers and lodged in the Escambia County jail and a demand was made on Calvin Simmons for the money necessary to obtain the son's release from custody. It appears from the record that the husband did not have the money necessary to obtain the son's release. The "under and over gun" used by the defendant was obtained by her on the day previous to the shooting. She placed the gun at a certain place about the home and, according to her testimony, was in the act of dressing preparatory to her trip to Pensacola when attacked by her husband with a stick. She simply seized the gun and shot her husband in self defense. Her testimony was corroborated by that of her children then about the home.

The theory of the State was that the husband was shot by the defendant as he rested on a cot in the living room of the home at a time when their youngest child was near him. The State contended that the deceased was right-handed and, being so, it was physically impossible for him to have assaulted the defendant with a stick because his right hand

was too near the corner of the room to permit the raising of a stick and then advance on the defendant. Some of the witnesses testified that the deceased was right-handed and other to the effect that he was left-handed.

It is contended that the verdict of manslaughter as returned by the jury cannot be supported by the State's testimony as it is contradictory to certain physical facts which are conclusive and cannot be reconciled with the verdict. Counsel for appellant cited authorities to sustain this contention. We have examined the cases cited but hold that they are inapplicable to the facts appearing in the record. The jury by its verdict of manslaughter settled the conflicts and disputes in the testimony and the burden of showing error rested on the appellant.

The next contention is that the testimony adduced by the State was legally insufficient to support the verdict and judgment of the lower court. The answer to this contention is that the evidence is not only legally sufficient to sustain the verdict and judgment but would support a higher degree of murder than found by the jury in the court below. We fail to find error in the record.

Affirmed.

THOMAS, C. J., TERRELL and SEBRING, JJ., concur.